Smith, J.
— “ Looking to the written contract alone, it would be clear enough, that the intention of the parties was, that French was not to part with his ownership of the boat and corn, until the balance of the purchase money should be paid by the Cranes, on the arrival of the boat at Few Orleans. It is expressly provided that the boat and its lading should then be delivered, but that the property should be considered as belonging to French, until the Cranes should pay or tender French, or his agent, such balance of purchase money, and if they failed to do so they should forfeit the sum paid in advance.
But it is urged by the plaintiff in error, that for the purpose of explaining the intention of the parties, and properly construing the written contract, it is necessary to look to the facts proved by the oral testimony; and that taking all the provisions of the written con *345 tract in connection with the verbal proof', and especially in connection with the fact that the boat, and corn were in the actual possession of the Cranes at the time the contract was signed, we should come to the conclusion that the right of property passed to the plaintiffs below at the time of the execution of the contract, subject to a lien in French for the balance due; and that to effectuate this lien the captain was constituted the agent of both parties, with the guaranty of French for his integrity. The position thus assumed, stated with less ingenuity, perhaps, but in plainer terms, seems to be this: — that notwithstanding the provision in the written contract, that the property should be delivered at a future time and at a distant place, it is established by the oral proof that it was actually delivered to the Cranes, and such delivery was accepted by them, at or before the time when the written contract was executed, and that, consequently, though otherwise expressed in the written instrument, it was the intention of the parties that the property should be considered as belonging to the Cranes from that time. We shall not stop to enquire whether such proof is in contradiction of the written contract, or merely explanatory, the plaintiff in error having had the benefit of it. Assuming that it was competent for him to prove, under the circumstances of this case, that there was such a delivery and acceptance, and it is only upon that ground he can plausibly contend that the ownership of the property was changed, it was a question of fact, and one which cannot be said to have been so clearly established, that the Circuit Court should have given the instructions requested by him, or that this Court should reverse the judgment upon the weight of the evidence. A part of the instruction given is so worded, that it might be construed to mean that the jury were to examine whether such a delivery did, in point of law, operate to change the ownership of the property, which, so far was improper, as the Court should have left the mere question of fact to the jury; but we think the jury must have understood from the whole tenor of the instruction, that it was intended to inform them, that the case turned upon the question whether there had been such a delivery or not, and as the plaintiff in error has no right to complain of this, we can perceive no reason for reversing the judgment.”
Judgment affirmed, &c.